## FOY *v.* HARPER.

Service of a writ of sequestration on a sunday is in conflict with art. 207 of the Code of Practice ; and where the evidence shows that it could have been served on any other day as well, it will be set aside.

APPEAL from the District Court of St. Tammany, *Penn*, J. *Sheafe*, for the plaintiff. *Hoffman* and *Halsey*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This case was tried by a jury, and, as the verdict is rendered on questions of fact, we do not find any thing in the evidence which authorizes us to interfere with the judgment of the court below on the merits. The district judge overruled a motion made by the counsel for the defendant, to set aside the writ of sequestration under which a quantity of lumber had been taken into the possession of the sheriff at the suit of the plaintiff, which had been afterwards delivered to the defendant on his bond. The ground on which the defendant's application was based was, that the writ had been served on sunday. The return of the sheriff shows that the writ was served on the 6th of July, 1845, which, by the calender of which we take judicial notice, was a sunday. This service is in conflict with art. 207 of the Code of Practice, which prohibits the institution of civil suits, and all *proceedings* in civil actions, on sunday. By the act of March 7th, 1838, concerning damages on bills of exchange, sunday is declared to be a day of public rest. B. & C's. Dig. 41. *Irish* v. *Wright*, 8 Rob. 428. We do not consider ourselves called upon to decide as to the effect of these laws in all possible cases, as, in that before us, the service could have been made on any other day as well as that on which it was made, according to the petition, affidavit, and sheriff's return on which we are alone to act. The sequestration ought therefore to have been set aside.

The judgment of the District Court is therefore affirmed, so far as it decrees the amount due by the defendant to the plaintiff, and the sequestration is set aside; the appellee paying the costs of this appeal.